**CITY OF FRIDLEY, et al., Appellants,**

v.

**FRIDLEY POLICE PENSION ASSOCIATION, Respondent.**

No. C8–85–184.

Court of Appeals of Minnesota.

May 7, 1985.

David P. Newman, Herrick & Newman, P.A., Fridley, for appellants.

Paul B. Jones, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

LANSING, Judge.

### FACTS

The Fridley Police Pension Association (FPPA) adopted bylaws upon its formation in 1966 under which its ex officio board members would "serve in an advisory capacity only" rather than with full voting rights. In 1983 the City of Fridley and ex officio board members began to question the nonvoting status of the ex officio members. They obtained written opinions from the Fridley city attorney and Minnesota attorney general to the effect that the voting limitation was invalid. The board declined to amend the bylaws to allow ex officio members to vote. The city and three ex officio board members (James P. Hill, public safety director; Sidney Inman, city clerk; and William J. Nee, mayor) then commenced this declaratory judgment action, claiming Minn.Stat. § 423.803 (1984) requires pension associations to give ex officio board members full voting rights. On cross motions for summary judgment the trial court ruled in favor of the FPPA, determining that under Minn.Stat. § 317.-20, subd. 4 (1984), the FPPA has the authority to preclude ex officio board members from voting.

### DECISION

Section 423.803 of the Minnesota Statutes, which provides for the incorporation and governance of police relief associations, states that an association "shall be governed by a board of eight members. The mayor, chief of police, and the treasurer of the city shall be ex officio members." Appellants argue that because the term "ex officio" does not itself imply any voting limitation, ex officio members under this statute are intended to have full voting rights.

The FPPA, however, is a nonprofit corporation formed under the Minnesota nonprofit corporation act. *See* Minn.Stat. §§ 317.01–.69 (1984). Section 317.20, subd. 4, provides:

> Unless the articles or bylaws specifically provide for them, the corporation shall not have ex officio directors. Ex officio directors have only the rights, privileges, duties, liabilities, and authority specifically conferred upon them in either the articles or bylaws, or both.

Thus, in general, nonprofit corporations in Minnesota may enact bylaws limiting the voting rights of ex officio board members.

Appellants argue that because § 423.803 is a specific provision governing police relief associations and § 317.20 is a general provision governing nonprofit corporations, the general provision cannot abrogate voting rights required under the specific provision. However, there is nothing in § 423.803 which requires all eight members to have full voting rights. The board may "govern" the association even if some members participate in an advisory capacity rather than with full voting rights. Because the two provisions do not conflict, effect must be given to both.

When the legislature enacted § 423.803, *see* 1955 Minn.Laws ch. 105, sec. 3, the Minnesota nonprofit corporation act was already in effect and empowered nonprofit corporations to limit the rights of ex officio board members, *see* 1951 Minn.Laws

ch. 550, sec. 20. We must presume that the legislature was aware of the power it gave to nonprofit corporations under the act to limit the rights of ex officio directors when it enacted § 423.803.

In a similar provision regarding governance of the state high school league, also a nonprofit corporation, the legislature provided that the commissioner of education shall be an ex officio member of the league's governing body and specified that the ex officio member have "the same rights and privileges as other members of its governing body." Minn.Stat. § 129.121, subd. 1 (1984). Because § 423.803 contains no similarly specific directive, we cannot find that it limits the FPPA's authority under § 317.20 to enact bylaws which restrict the voting rights of ex officio board members.

Affirmed.